## Commonwealth v. Buleski

*John Murphy*, for Commonwealth.
*Milton J. Kolansky*, for defendant.

HOBAN, J., July 31, 1940.—Defendant was indicted for wilfully, unlawfully, and knowingly operating a motor vehicle upon the highways of the county without having then and there a proper license to operate a motor vehicle within the Commonwealth of Pennsylvania, "the operator's license of the said John Buleski having then and there been suspended and revoked and not reinstated." On the trial of the case it appeared by defendant's own admission that he had had an operator's license; that the license had been suspended for a period of 90 days; that the 90-day period had expired; that he never had made application for, nor had a license restored to him, and that he drove a car upon the highway. In the face of this evidence there was nothing for the jury to do except convict this defendant.

On the motion for a new trial there was some objection to the court permitting the district attorney to cross-examine defendant as to his prior history in automobile driving and possession of operator's licenses for several years, but we think this was simply proper cross-examination to determine the circumstances surrounding the suspension of defendant's license and his failure to apply for reinstatement after this suspension period had expired. There is also objection taken to the court's failing to charge the jury on the question of reasonable doubt. There is no question of reasonable doubt involved. Defendant's own admissions from the witness stand made out a complete and unanswerable case against him. Neither was there any necessity for charging on the difference between the suspension of an operator's license and the revocation thereof, as the only facts pertinent here were the suspension of this operator's license.

Exception is also taken to the failure of the court to charge the jury that the offense took place after the suspension period had expired. The court was not required to charge as to that, since it is immaterial whether the offense took place before or after the suspension period had expired. The offense charged is that of operating a motor vehicle after the license had been suspended and *not reinstated*. By his own admission defendant had failed to apply for reinstatement.

With reference to the motion in arrest of judgment, the defense seems to rely on the theory that, because the offense charged took place after the suspension period had expired, the indictment was not warranted. The offense charged is a direct violation of section 620 ($h$) of The Vehicle Code of May 1, 1929, P. L. 905, and is charged in language which could not possibly be mistaken. Defendant seems to think that the language of the indictment was vague because it used both the words "suspended" and "revoked", but this could in no way mislead defendant because he knew that his license had been suspended and had no hesitation in admitting it. The mere

fact that the period of suspension had expired does not change the situation caused by his violation of the code by driving a motor vehicle after such a suspension, before the operating privilege has been reinstated. Hence, the motion in arrest of judgment is without merit.

Now, July 31, 1940, the rule to show cause why a new trial should not be had in the above-entitled case is discharged.

Now, July 31, 1940, the rule to show cause why the motion in arrest of judgment should not be allowed is discharged.